IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

No. 16-3775

| | | |
|---|---|---|
| KRISTINE BUNCH, | ) | |
| | ) | |
|     Plaintiff-Appellant, | ) | Appeal from the |
| | ) | United States District Court |
| v. | ) | for the Southern District of Indiana, |
| | ) | Indianapolis Division |
| | ) | |
| BRYAN FRANK, et al., | ) | No. 1:14-cv-00438-WTL-DKL |
| | ) | |
|     Defendants-Appellees. | ) | William T. Lawrence, District Judge |

**Response to Court Order of October 31, 2016**

On October 31, 2016, this Court issued an order requesting that the United States respond to the jurisdictional issue raised in the Appellant's Docketing Statement. Docket No. 4. The United States therefore provides the following response:

**A. Procedural Background**

On March 19, 2014, Kristine Bunch filed a complaint against Bryan Frank and James Skaggs, two State of Indiana Fire Marshals who investigated an arson case against her in 1995. *Bunch v. Frank, et al.*, Case No. 1:14-cv-00438-WTL-DKL. On February 5, 2015, Bunch filed a separate suit against the United States of America based on the alleged conduct of an employee of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) who also participated in the arson investigation, and who Bunch claimed conspired with Frank and Skaggs. *Bunch v. United States*,

Case No. 1:15-cv-00160-RLY-TAB.  Jurisdiction against the United States was invoked under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b).

On April 16, 2015, Bunch moved to consolidate the *Bunch v. United States* case with the *Bunch v. Frank, et al.* case.  *See Bunch v. Frank, et al.*, 1:14-cv-00438-WTL-DKL (Docket No. 44.)  On June 23, 2015, the Court granted the motion to consolidate and issued an order stating, *inter alia*, that although the cases required "the application of different legal theories to different defendants," they arose "out of the same incident."  (Docket No. 44 at 2.)  The district court also noted that "[t]he claim against the United States will be tried to the Court, and the fact that the claims against the individual defendants are cast as constitutional, rather than common law, torts will not confuse the Court o[r] affect the Court's resolution of the claims in any way."  (*Id.*)  Accordingly, the district court granted the motion to consolidate, finding that "the interests of judicial economy in consolidating discovery and trial outweigh the delay in the resolution of this case that will be caused by the adjusted schedule."  (*Id.*)  The district court ordered that Case No. 1:15-cv-160-RLY-TAB be consolidated into Case No. 1:14-cv-00438-WTL-DKL, the earlier filed case, and that the Clerk of the Court close Case No. 1:15-cv-160-RLY-TAB.  (*Id.*)[1]

Meanwhile, on April 30, 2015, the United States moved to dismiss the claims against it under the intentional torts exception to the FTCA, 28 U.S.C. § 2690(h).

---

[1] The district court docket indicates that Case No. 1:15-cv-160-RLY-TAB was closed on June 23, 2015.

(Docket No. 13.) After construing the motion as a motion for summary judgment, and allowing limited discovery (*see* Docket No. 59), the district court granted the United States' motion. (Docket No. 65.) The district court held that the alleged tortfeasor, an ATF Chemist, was not an investigative or law enforcement officer under the law enforcement exception to the FTCA; therefore, there was no waiver of sovereign immunity to sue the United States for his alleged actions. (Docket No. 65 at 9.) Accordingly, the district court granted the United States' motion for summary judgment. (*Id.*) The district court did not enter judgment under Fed. R. Civ. P. 54(b).

### B. Statement of Position

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, the district court has discretion to consolidate cases that present common issues of fact and law. *See King v. General Elec. Co.*, 960 F.2d 617, 626 (7th Cir. 1992). S.D. Ind. Local Rule 40-1(e) contemplates that when two cases are related, the case filed later will be transferred to the judicial officer handling the earlier filed case.

Where two cases are consolidated, as here, a single judgment not covering all claims and parties is not appealable absent a certification under Fed. R. Civ. P. 54(b). *Alinsky v. United States*, 415 F.3d 639, 642 (7th Cir. 2005); *Brown v. United States*, 976 F.2d 1104, 1107 (7th Cir. 1992). This Court has stated that district courts should not grant Rule 54(b) motions for entry of final judgment as a matter of course; rather, courts must "independently inquire whether such orders are

appropriate." *Stamatakis Indus., Inc. v. Walter Thompson, U.S.A., Inc.*, 944 F.2d 382, 383 (7th Cir. 1991).

Here, the district court made no such ruling. Further, even where consolidation is "ambiguous," this Court has treated the two actions as fully consolidated so long as they are "sufficiently closely related." *Am. Nat'l Bank & Trust Co. v. Equitable Life Assur. Soc'y of the United States*, 406 F.3d 867, 876 (7th Cir. 2005) (quoting *Sandwiches, Inc. v. Wendy's Int'l, Inc.*, 822 F.2d 707, 709 (7th Cir. 1987) (holding where cases have been consolidated, they become "a single judicial unit" and a judgment that does not dispose of all claims of all parties is not appealable unless the district court makes the findings required by Rule 54(b)).

Given this precedent, this Court currently lacks appellate jurisdiction over Ms. Bunch's Notice of Appeal, and the appeal should be dismissed. 28 U.S.C. § 1291.

    Respectfully submitted,

    JOSH J. MINKLER
    United States Attorney


    *s/ Shelese Woods*
    Shelese Woods
    Assistant United States Attorney
    Suite 2100
    10 W. Market Street
    Indianapolis, IN 46204-3048

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2016 I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. These participants are:


John L. Stainthorp, Attorney
PEOPLE'S LAW OFFICE
3rd floor
1180 N. Milwaukee Avenue
Chicago, IL 60642

Betsy M. Isenberg, Attorney
OFFICE OF THE INDIANA ATTORNEY GENERAL
Fifth Floor
302 W. Washington Street
Indiana Government Center South
Indianapolis, IN 46204-2770



*s/ Shelese Woods*
Shelese Woods
Assistant United States Attorney
Suite 2100
10 W. Market Street
Indianapolis, IN 46204-3048